**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COLLEEN BEHM | : | JURY DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No.    21-2500 |
| MACK TRUCKS, INC. | : | |
| | : | |
| And | : | |
| | : | |
| UNITED AUTO WORKERS | : | |
| LOCAL 677 | : | |
| | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

**I.  Parties and Reasons for Jurisdiction.**

1.      Plaintiff, COLLEEN BEHM (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, MACK TRUCKS, INC., (hereinafter "Mack") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3.      Defendant, UNITED AUTO WORKERS LOCAL 677, (hereinafter "UAW") is a union organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address. Both Defendants are hereinafter referred to collectively as "Defendants."

4.       At all times material hereto, Defendants qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

5.      This action is instituted pursuant to the Americans with Disabilities Act, the

Family and Medical Leave Act and the Pennsylvania Human Relations Act.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant

to 28 U.S.C. § 1367.

8.      Plaintiff has exhausted her administrative remedies prior to bringing this civil

rights claim.  [Exh. A.]

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this

district because Defendants conduct business in this district, and because a substantial part of the

acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by

Defendants as set forth herein.

## II.  Operative Facts.

10.     On or about January 2, 2018, Defendant, MACK hired Plaintiff as a production

flex technician.

11.     In or around October of 2018, Plaintiff took a medical leave from work and

collected short term disability as a result of anxiety due to a domestic violence situation she

suffered.

12.     In or around January of 2019, Plaintiff returned to work in her full capacity.

13.     Upon her return to work, Plaintiff was targeted by her superiors who began to

write her up for unwarranted reasons.

14.     On or about May 8, 2019, Plaintiff suffered a work-related head injury.

15.     Plaintiff was working in a sleeper cab and struck her head on a metal bracket while performing her job duties.

16.     Plaintiff went to Reading Hospital emergency room and was subsequently discharged with a concussion and scalp contusion.

17.     During this time, Plaintiff procured a protection from abuse order against her husband.

18.     On or about May 11, 2019, Plaintiff was assaulted by her husband, who struck her than a dozen times resulting in a large laceration to the back of her head.

19.     Plaintiff saw a neurologist, Dr. Lawrence Brzozowski, for her head injuries who placed her out of work until November of 2019.

20.     Defendant Mack insisted Plaintiff be evaluated by a neurologist of their choosing, Dr. Paul Shipkin, for an independent medical evaluation.

21.     Dr. Shipkin found Plaintiff capable of returning to work full time with no restrictions, referable to her May 8, 2019 workplace-related injuries ONLY.

22.     On or about May 10, 2019, which was prior to her assault, Plaintiff received a notice of ability to return to work form clearing her to return to work related to the injuries sustained during her May 8, 2019 work-related accident.

23.     On or about May 23, 2019, Plaintiff's worker's compensation claim was denied.

24.     Following her injuries, Plaintiff began to suffer migraines that were increasing in severity, as well as worsening anxiety and PTSD.

25.     In or around March of 2020, Plaintiff was ordered out of work again by Dr. Brzozowksi due to the worsening of her symptoms.

26.     Plaintiff was subsequently diagnosed with post-concussive syndrome, stemming from being forced to return to work too early.

27.     As a result of her domestic violence situation and assault, Plaintiff was required to attend numerous court hearings, as well as missing several days of work due to both her own and her daughter's illness.

28.     Defendant Mack warned Plaintiff that if more work was missed, she would be fired.

29.     Defendant Mack questioned Plaintiff multiple times on the reasoning for her missed work, even after she provided doctor's notes for her missed days.

30.     Additionally, following her return from her medical leave, Plaintiff was moved from her first shift schedule to second shift with only one day's notice.

31.     Plaintiff informed Defendant Mack and Defendant UAW's union representative that she was unable to work that shift due to childcare issues.

32.     Defendant Mack refused to change her schedule back to first shift.

33.     Additionally, Defendant UAW's union representative, Cruz Rivera, made several sexual advances towards Plaintiff.

34.     Mr. Rivera would send text messages to Plaintiff at all hours of the day and night, including while he was at the bar, telling Plaintiff to "feel free to flirt with [Mr. Rivera]" and that it's "not very often a pretty woman works for [Defendant Mack]".

35.     Plaintiff responded several times that she was not interested and to keep the conversation professional, however Mr. Rivera persisted.

36.     Plaintiff made a complaint to Defendant UAW's union chairman, Kevin

Fronheiser regarding Mr. Rivera's inappropriate advances; however, upon information and

belief, no action was taken to address the situation.

37.     Due to this situation, Plaintiff felt that Mr. Rivera failed to properly represent her

as union representative with Defendant Mack.

38.     As a result of Defendants' retaliatory behavior and unwillingness to engage in

accommodating Plaintiff's disability, she resigned on or about February 15, 2021.

39.     Defendants' primary motivation for retaliating against Plaintiff was her complaint

about sexual harassment, the fact that she required an accommodation for her disability and/or

that she filed a worker's compensation claim.

40.      As a direct and proximate result of Defendants' conduct in toward Plaintiff, she

sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages,

as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

### COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendant, MACK)

41.     Plaintiff incorporates paragraphs 1-40 as if fully set forth at length herein.

42.     At all times material hereto, and pursuant to the Americans with Disabilities Act

of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based

on a disability.

43.     Plaintiff is a qualified employee and person within the definition of Americans

with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

44.     Defendant, MACK is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

45.     At all times material hereto, Plaintiff had a qualified disability, as described above.

46.     Defendant failed to accommodate or otherwise engage Plaintiff in a meaningful back and forth towards the development of a reasonable accommodation.

47.     Defendant, MACK's conduct toward Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

48.     As a proximate result of Defendant, MACK's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

49.     As a result of the conduct of Defendant, MACK's owners/management, Plaintiff hereby demands punitive damages.

50.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

**COUNT II– VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)**
**(Plaintiff v. Defendants)**

51.     Plaintiff incorporates paragraphs 1-50 as if fully set forth at length herein.

52.     Defendant, MACK employs fifteen (15) or more employees.

53.     As described above, Plaintiff was subjected to unwelcome sexual advances, language, innuendo, statements, and/or other conduct by her co-worker/union representative, all while being employed by Defendant.

54.     The aforementioned actions and conduct were severe, pervasive and continuous, and created a hostile work environment for Plaintiff.

55.     Defendants' conduct, as set forth above, violated Title VII of the Civil Right Act of 1964.

56.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages including by not limited to: great economic loss, future lost earning capacity, lost opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress, humiliation, personal injury type damages, pain and suffering, consequential damages, as well as a work loss, loss of opportunity and a permanent diminution of her earning power and capacity, and a claim is made therefore.

## COUNT III– VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Retaliation; 42 U.S.C.A. § 2000 et seq)
### (Plaintiff v. Defendant MACK)

57.     Plaintiff incorporates paragraphs 1-56 as if fully set forth at length herein.

58.     Defendant, MACK constructively terminated and took other adverse action against Plaintiff's employment in retaliation for her complaints and/or opposition to the sexual harassment.

59.     Defendant, MACK's conduct, as set forth above, violated Title VII of the Civil Rights Act of 1964.

60.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained

work loss, loss of opportunity, and a permanent diminution of her earning power and capacity
and a claim is made therefore.

61.     As a result of the conduct of Defendant, MACK's owners/management, Plaintiff
hereby demands punitive damages.

62.     Pursuant to the Title VII of the Civil Rights Act of 1964, et seq Plaintiff demands
attorneys fees and court costs.

### COUNT IV—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

63.     Plaintiff incorporates paragraphs 1-62 as if fully set forth at length herein.

64.     As set forth above, Plaintiff is a member of a protected class.

65.     Defendant, MACK constructively terminated Plaintiff's employment.

66.     As set forth above, Defendants created a sexually hostile work environment for
Plaintiff.

67.     As set forth above, a motivating factor in the decision to terminate Plaintiff's
employment is Plaintiff's disability.

68.     As such, Defendants violated the Pennsylvania Human Relations Act, 43
Pa.C.S.A. §951, et seq.

69.     As a proximate result of Defendants' conduct, Plaintiff sustained significant
damages, including but not limited to: great economic loss, future lost earning capacity, lost
opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional
distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained
work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a
claim is made therefore.

70.     Plaintiff demands attorneys' fees and court costs.

## COUNT V– BREACH OF DUTY OF FAIR REPRESENTATION
### (Plaintiff v. Defendant, UAW)

71.     Plaintiff incorporates paragraphs 1-70 as if fully set forth at length herein.

72.     As described above, Defendant UAW neglected its obligation to protect Ms. Behm as required under the CBA.

73.     As described above, Defendant UAW failed to diligently protect or Ms. Behm with regards to her employment with Defendant MACK.

74.     Defendant UAW's actions were inexcusable, arbitrary and were done in bad faith.

75.     Defendant UAW breached its duty to act honestly and in good faith and to avoid arbitrary conduct.

76.     Defendant UAW breached its duty of fair representation that it owed to Plaintiff, Behm.

77.     As a proximate result of Defendant, UAW's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, COLLEEN BEHM demands judgment in her favor and against Defendants, MACK TRUCKS, INC. and UNITED AUTO WORKERS LOCAL 677, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.  Punitive damages;

C.  Liquidated damages;

D.  Attorneys fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:    s/ Graham F. Baird
    **GRAHAM F. BAIRD, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102

    Attorney for Plaintiff, Colleen Behm

Date:  8/6/2021

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN BEHM | : | JURY DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No.    21-2500 |
| MACK TRUCKS, INC. | : | |
| | : | |
| And | : | |
| | : | |
| UNITED AUTO WORKERS | : | |
| LOCAL 677 | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

On August 6, 2021 the undersigned served the foregoing Amended Complaint via e-mail upon Counsel for Defendants:

Eileen K. Keefe, Esq.
Jackson Lewis, P.C.
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
Eileen.Keefe@Jacksonlewis.com

And

Cassie R. Ehrenberg, Esq.
Cleary, Josem & Trigiani, LLP
Constitution Place
325 Chestnut Street,
Suite 200
Philadelphia, PA 19106
CEhrenberg@cjtlaw.org

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:      /s/Graham F. Baird
   **GRAHAM F. BAIRD, ESQUIRE**
   Two Penn Center
   1500 JFK Boulevard,  Suite 1240
   Philadelphia, PA 19110
  Attorney for Plaintiff, Colleen Behm