IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLLEEN BEHM,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MACK TRUCKS, INC. and UNITED AUTO WORKERS LOCAL 677,** <br><br> **Defendants.** | **CIVIL ACTION NO.: 21-02500** |

**DEFENDANT MACK TRUCK'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, Mack Trucks, Inc. ("Mack" or "Defendant"), by and through its undersigned counsel, hereby submits this Reply in Support of its Motion for Summary Judgment. For the reasons discussed herein and in the Memorandum of Law in Support of Defendant Mack Truck's Motion for Summary Judgment, the Court should grant Mack Truck's Motion and dismiss all remaining causes of action in this case.

**ARGUMENT**

A. **Plaintiff Cannot Establish that She Was Denied a Reasonable Accommodation by Defendant Mack.**

In her first cause of action, Plaintiff alleges that she was denied a reasonable accommodation by Mack. In response to the detailed arguments in the Memorandum of Law in Support of Mack's Motion for Summary Judgment showing the extensive efforts that Mack made to accommodate Plaintiff's medical condition, Plaintiff doubles down on her failure to accommodate claim. Specifically, Plaintiff claims that e-mail communications between Mack employees demonstrate that Mack did not want to accommodate Plaintiff, and that Mack was

seeking a reason to terminate Plaintiff that had nothing to do with her medical condition. (Plaintiff Response at 7.) However, completely absent from Plaintiff's response is any identification of any accommodation that Mack allegedly failed to provide to Plaintiff.

As detailed in the Memorandum of Law in Support of Mack's Motion for Summary Judgment, the only accommodation that Plaintiff ever requested from Mack was a leave of absence. Plaintiff admits that after she suffered a series of concussions in May 2019, she was immediately placed on a paid leave of absence under Mack's Accident and Sickness benefit policy. (SUF, ¶ 30.) She remained out of work on this paid benefit until September 2019, when she was released to return to work by Dr. Shipkin following an independent medical examination. (SUF, ¶ 41.) Although Plaintiff disputes that she should have been required to return to work in September 2019, there is absolutely no evidence in the record that Plaintiff ever requested any additional accommodation at that time. Instead, Plaintiff returned to active work in September 2019 and continued working until early March 2020, when she again requested a paid leave of absence under Mack's Accident and Sickness benefit policy. (SUF, ¶¶ 61, 63.) That request for a leave of absence was approved by Mack, and Plaintiff remained out of work on leave through February 2021, when she voluntarily resigned from employment. (SUF, ¶ 64.)

To establish a valid claim for failure to accommodate under the ADA, Plaintiff must show that she requested an accommodation or assistance from Mack and that Mack did not make a good faith effort to assist her. *See Williams v. Philadelphia Housing Authority Police Dept.*, 380 F.3d 751, 772 (3d. Cir. 2004). Here, Plaintiff did request an accommodation (paid leave) and Mack granted that requested accommodation on two different occasions. Plaintiff has failed to point to any accommodation that she requested that Mack failed to grant to her. Accordingly, her claim for failure to accommodate under the ADA and PHRA fails as a matter of law.

B.  **Plaintiff Cannot Establish that Her Resignation from Employment in February 2021 was a Constructive Discharge.**

In order to establish a viable claim of disability discrimination under the ADA and PHRA, Plaintiff must show that she suffered an adverse employment action because of her disability. *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006) (internal quotation marks omitted). In response to Mack's argument that Plaintiff suffered no adverse employment action, Plaintiff claims that her resignation from employment in February 2021 amounted to a constructive discharge. (Plaintiff Response at 9.) In support of this constructive discharge theory, Plaintiff points the Court to the following facts:

- When Plaintiff returned to work in September 2019 following her initial paid medical leave, her job was changed, and she was placed in the Mack in Motion program.[1]

- Following Plaintiff's workplace injury in May 2019, she was harassed by Mack in that she was ordered to take an ambulance to the hospital, instructed to come into work against her doctor's orders, questioned for four hours about her concussion in the medical department, and was instructed to work a light duty position with tinted glasses and an implement to avoid loud noises.

- After Plaintiff was approved for extended medical leave following the May 2019 injury, Mack "attempted to find any reason it could to terminate her employment, including trying to find a favorable second opinion to order the Plaintiff back to work, hiring a private investigator to follow Plaintiff and surveil her home, and

---

[1] Importantly, Plaintiff admits that her pay and benefits did not change while she was assigned to the Mack in Motion program. (SUF, ¶ 44.) Plaintiff further admits that she was only in the Mack in Motion position for a temporary period of time, as she was returned to a Production Flex position in December 2019. (SUF, ¶ 45.)

        force Plaintiff to return to work without the release form [sic] the Plaintiff's treating physician."

(Plaintiff Response at 9-10.)

      In the Third Circuit "[t]he test applied to constructive discharge claims is objective—whether a reasonable jury could conclude that [the employer] permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 974 (3d Cir. 1998). The facts cited by Plaintiff to support her constructive discharge claim clearly fail to meet this standard given that they all occurred in 2019, more than eighteen (18) months before Plaintiff resigned from employment. If, as Plaintiff asserts, Mack was engaging in such harassing behavior following her injury in May 2019, then one must ask why she returned to work in September 2019 and continued to work through March 2020, when she went out on another paid leave of absence. Since Plaintiff herself did not feel compelled to resign when instructed to return to work in September 2019, then no reasonable jury could possibly conclude that this alleged harassment during the summer of 2019 would justify her resignation in February 2021, a year-and-a-half later.

      To establish the existence of a constructive discharge, Plaintiff "must show objectively intolerable working conditions" at the time of her resignation from employment. *Id*. at 976. However, as Plaintiff concedes in this case, she did not work a single day at Mack from March 5, 2020, until the date of her resignation in February 2021. (SUF, ¶¶ 64-68.) Instead, during that entire time, Plaintiff was out of work on a paid medical leave of absence under Mack's Accident and Sickness benefit policy. (SUF, ¶¶ 64-68.) Significantly, Plaintiff points to no alleged actions by Mack during that leave of absence that justify her resignation in February 2021. Since Plaintiff had been out of work for more than eleven (11) months at the time she resigned from employment,

no reasonable jury could find that her working conditions were intolerable at the time of resignation. As a result, Plaintiff has failed to meet her burden of proving that her resignation from Mack was a constructive discharge.

In the absence of a constructive discharge, Plaintiff has failed to establish that she suffered any adverse employment action because of her disability. As a result, Mack is entitled to summary judgment on her cause of action for disability discrimination.

## CONCLUSION

For the reasons set forth herein and in the Memorandum of Law in Support of Mack's Motion for Summary Judgment, Defendant Mack respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's remaining causes of action in their entirety.

Respectfully submitted this the 16th day of May, 2022.

**JACKSON LEWIS P.C.**

BY: *s /Eileen K. Keefe*
Eileen K. Keefe (#93194)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317
Tel 267-319-7802
Fax 215-399-2249
eileen.keefe@jacksonlewis.com

Ellison F. McCoy
D. Randle Moody II
*Admitted Pro Hac Vice*
15 South Main Street, Suite 700
Greenville, SC 29601
Tel 864-232-7000
Fax 864-235-1381
mccoye@jacksonlewis.com
randy.moody@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT MACK TRUCKS, INC.*

4859-2770-3584, v. 2