IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN BEHM,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC. and<br>UNITED AUTO WORKERS LOCAL 677,<br><br>Defendants. | CIVIL ACTION NO.: 21-02500 |

**ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of the Motion of Defendant, Mack Trucks, Inc., for Contempt and Sanctions for Non-Compliance directed to non-party entities Utopia Cabaret, DivasXO, and Baby Doll's, and any response in opposition thereto, it is hereby ORDERED that Utopia Cabaret, DivasXP, and Baby Doll's are found in contempt for non-compliance with This Court's Order of April 11, 2022.

Utopia Caberet, DivasXO, and Baby Doll's, as well as their owners/corporate officers, are hereby ORDERED:

(1) To pay Defendant's reasonable attorneys' fees and costs for work performed to compel compliance with This Court's April 11, 2022, Order, and;

(2) To pay the following additional sanctions each day until they comply with the Court's April 11, 2022, Order: _____

BY THE COURT:

_____
HON. JOHN M. GALLAGHER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLLEEN BEHM,**<br><br>Plaintiff,<br><br>v.<br><br>**MACK TRUCKS, INC.** and<br>**UNITED AUTO WORKERS LOCAL 677,**<br><br>Defendants. | **CIVIL ACTION NO.: 21-02500** |

**DEFENDANT MACK TRUCKS, INC.'S
MOTION FOR CONTEMPT AND SANCTIONS FOR NON-COMPLIANCE DIRECTED
TO NON-PARTY FORMER EMPLOYERS**

Defendant Mack Trucks, Inc. ("Defendant" or "Mack Trucks"), by and through its undersigned counsel, hereby submits the instant Motion for Contempt and Sanctions for Non-Compliance directed to non-parties Utopia Cabaret, DivasXO, and Baby Doll's, for failing to comply with Defendant's subpoena *duces tecum* as served via hand delivery on February 23, 2022, and This Court's Order of April 12, 2022, for So-Ordered subpoenas (ECF Doc. 24). In support of this Motion, Defendant states as follows:

1. Defendant issued subpoenas to the three subject establishments, Utopia Cabaret, DivasXO, and Baby Doll's, to obtain documents pertinent to Plaintiff's work history. True and accurate copies of the subpoenas are available for judicial review.

2. On April 8, 2022, Defendant filed an unopposed Motion for So-Ordered Subpoenas, seeking This Court's assistance to compel compliance with the subpoenas because neither mail nor hand-delivery service yielded responses. *See* ECF Doc. 23.

3. On April 11, 2022, This Court issued an Order, compelling the three subject establishments to comply with Defendant's subpoenas *duces tecum*. *See* ECF Doc. 24.

4. Defendant served copies of the aforementioned Order along with copies of said subpoenas on the subject establishments on or about April 12, 2022. True and accurate copies of the service confirmation documents are available for judicial review.

5. On or about April 15, 2022, counsel for Defendant, D. Randle Moody, II, received a telephone voice message from an unidentified individual purportedly affiliated with an unidentified entity that reportedly acquired Utopia Cabaret in or around March 2022. The recorded message remains available for judicial consideration.

6. In the aforementioned voice message, the unidentified individual acknowledged receipt of the subpoena but represented that the unidentified, acquiring entity did not have any documentation regarding Ms. Behm or her employment history.

7. The aforementioned individual did not provide a return telephone number or any other information enabling counsel to contact him/her or the acquiring entity.

8. The aforementioned, unidentified individual did not make reference to any relationship with subject establishments DivasXO or Baby Doll's in the voice message.

9. Defendant now seeks an Order for Contempt and Sanctions relative to the subject establishments' collective failures to comply with the clear mandate of This Court's Order of April 11, 2022.

10. "[I]t is firmly established that the power to punish for contempt is inherent in all courts." *Chambers v. Nasco, Inc.*, 501 U.S. 43, 44 (1991). *See also Spallone v. United States*, 493

U.S. 265, 276 (1990)("courts have inherent power to enforce compliance with their lawful orders through civil contempt.")

11. Sanctions for "contempt resulting from action occurring outside the courtroom – aim to compel future compliance with a court order and prevent future violations. *International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1984).

12. "The primary purpose of civil contempt is remedial and for the benefit of the complainant." *Roe v. Operation Rescue*, 920 F.2d 213, 216 (3d Cir. 1990).

13. To hold a party in civil contempt, a court must find, by clear and convincing evidence, that (1) a valid court order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order. *John T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003); *see also Cottman Transmissions Sys. v. Melody*, 851 F. Supp. 675, 676 (E.D. Pa. 1994). ("if a person violates a court order requiring in specific and definite language that that person do or refrain from doing an act or series of acts," a finding of civil contempt is appropriate.)

14. In this instance, all elements are satisfied, as This Court's Order of April 11, 2022, unequivocally compelled compliance with the subpoenas *duces tecum*, the Order appears of record (ECF Doc. 24), and no entity has complied even after Defendant successfully executed service as evidenced by personal service confirmations and later the acknowledging voice message.

15. Holding subject establishments in contempt, and imposing appropriate sanctions, is appropriate given the circumstances where the subject entities have not complied as Ordered. *See Cottman Transmissions Sys. v. Melody*, 851 F. Supp. 675, 676 (E.D. Pa. 1994)(holding that a

finding of contempt is appropriate "if a person violates a court order requiring in specific and definitive language that that person do or refrain from doing an act or series of acts.")

16. Whereas the unidentified caller may perceive that leaving the non-specific voice message sufficed for purposes of compliance, civil contempt remains appropriate given the lack of information shared and unequivocable failure to respond in accordance with the terms of the subpoenas. This Court has held that "[w]illfulness is not a necessary element of civil contempt." *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148–49 (3d Cir. 1994).

17. To the extent the subject establishments maintain they are not in possession of responsive documents, they must nevertheless respond accordingly. *See FTC v. Lane Labs-USA*, 624 F.3d 575, 590 (3d Cir. 2010) (explaining that impossibility is not a defense to civil contempt unless the alleged contemnor demonstrates that compliance is "factually impossible.")

18. Even if the subject entities cannot identify responsive documents, they nevertheless carry the burden to show they have made reasonable efforts to comply. *See Harris v. City of Philadelphia*, 47 F.3d 1311 (3d Cir. 1995) (explaining that neither cost nor impracticability of compliance qualifies as impossibility.)

WHEREFORE, for the reasons set forth, Defendant respectfully requests this Court grant its Motion for Contempt and Sanctions for Non-Compliance with a Court Order.

    Respectfully submitted,

    **JACKSON LEWIS P.C.**

BY:   <u>s /Eileen K. Keefe</u>
    Eileen K. Keefe (#93194)
    Three Parkway
    1601 Cherry Street, Suite 1350
    Philadelphia, PA 19102-1317
    Tel 267-319-7802

        Fax 215-399-2249
        eileen.keefe@jacksonlewis.com

        Ellison F. McCoy
        D. Randle Moody II
        *Admitted Pro Hac Vice*
        15 South Main Street, Suite 700
        Greenville, SC 29601
        Tel 864-232-7000
        Fax 864-235-1381
        mccoye@jacksonlewis.com
        randy.moody@jacksonlewis.com

        *ATTORNEYS FOR DEFENDANT*
        *MACK TRUCKS, INC.*

Dated: May 16, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion for Contempt and Sanctions was served through the Court's ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

**JACKSON LEWIS, P.C.**

Dated: May 16, 2022

*/s/ Eileen K. Keefe*
Eileen K. Keefe
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7839
eileen.keefe@jacksonlewis.com

4859-3609-7056, v. 2